[Cite as *Savage v. Madison Corr. Inst.*, 2011-Ohio-3956.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES JEREMY SAVAGE

    Plaintiff

    v.

MADISON CORR. INST.

    Defendant

    Case No. 2010-12362-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

## FINDINGS OF FACT

{¶ 1} On May 10, 2010, plaintiff, James Savage, an inmate formerly incarcerated at defendant, Madison Correctional Institution (MaCI), was transferred from the general population to a segregation unit. Plaintiff alleged that at sometime during the transfer procedure MaCI staff instructed another inmate (Powell) to gather plaintiff's personal property and pack it for storage. According to plaintiff, inmate Powell and other unidentified inmates stole several items from plaintiff's locked locker box. Plaintiff related the stolen property included: one pair of Timberland boots, thirteen compact discs, three blue t-shirts, two white t-shirts, four pair of socks, twenty-three embossed envelopes, various commissary food, and personal hygiene items. Additionally, plaintiff requested reimbursement of $36.44 for the cost of copies and postage. Postage and copying expenses are not compensable in a claim of this type. The request to include these expenses in the damage claim is denied and shall not be further addressed.

{¶ 2} Plaintiff submitted a letter he allegedly received from inmate Powell in reference to the inventory and pack-up of plaintiff's property. Plaintiff did not submit a

copy of the inventory property record relevant to the transfer date for May 10, 2010. Plaintiff asserted his property was stolen as a proximate result of negligence on the part of MaCI staff in failing to adequately protect the property from theft attempts. Plaintiff filed this complaint seeking to recover $ 405.12, the stated total replacement cost of his alleged stolen property. Payment of the filing fee was waived.

{¶ 3} Defendant denied any liability in this matter contending plaintiff failed to offer any evidence to prove his property was stolen as a proximate result of any negligent conduct on the part of defendant. Defendant denied ever exercising control over any of the alleged stolen property items. Defendant argued no evidence has been offered to establish plaintiff suffered property loss as a result of any act attributable to MaCI personnel. Defendant advised MaCI staff investigated plaintiff's "allegations and could not establish that a theft occurred." Defendant suggested plaintiff had a history of trading or selling his property in violation of administrative rules and regulations.

{¶ 4} Plaintiff filed a response essentially reiterating the allegations made in the complaint. Plaintiff claimed he was taken to segregation at 1:00 p.m. on May 10, 2010, and his property was not secured or inventoried until 3:00 p.m. Plaintiff also admitted that some of his claimed missing property was located by MaCI staff and returned to him.

CONCLUSIONS OF LAW

{¶ 5} This court in *Mullett v. Department of Correction* (1976), 76-0292-AD, held that defendant does not have the liability of an insurer (i.e., is not liable without fault) with respect to inmate property, but that it does have the duty to make "reasonable attempts to protect, or recover" such property.

{¶ 6} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶ 7} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶ 8} Plaintiff must produce evidence which affords a reasonable basis for the conclusion defendant's conduct is more likely than not a substantial factor in bringing about the harm. *Parks v. Department of Rehabilitation and Correction* (1985), 85-01546-

AD.

{¶ 9} Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶ 10} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.,* Ct. of Cl. No. 2002-05751, 2005-Ohio-4455, obj overruled, 2005-Ohio-5068.

{¶ 11} In order to prevail, plaintiff must prove, by a preponderance of the evidence, that defendant owed him a duty, that defendant breached that duty, and that defendant's breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573, ¶8, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶ 12} "Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by . . . the court . . ." *Pacher v. Invisible Fence of Dayton*, 154 Ohio App. 3d 744, 2003 Ohio 5333, ¶41, citing *Miller v. Paulson* (1994), 97 Ohio App. 3d 217, 221, 646 N.E. 2d 521.

{¶ 13} The allegation that a theft may have occurred is insufficient to show defendant's negligence. *Williams v. Southern Ohio Correctional Facility* (1985), 83-07091-AD; *Custom v. Southern Ohio Correctional Facility* (1985), 84-02425. Plaintiff must show defendant breached a duty of ordinary or reasonable care. *Williams*.

{¶ 14} Defendant is not responsible for thefts committed by inmates unless an agency relationship  is shown or it is shown that defendant was negligent. *Walker v. Southern Ohio Correctional Facility (*1978), 78-0217-AD.

{¶ 15} The fact defendant supplied plaintiff with a locker box to secure valuables constitutes prima facie evidence of defendant discharging its duty of reasonable care. *Watson v. Department of Rehabilitation and Correction* (1987), 86-02635-AD.

{¶ 16} Plaintiff may show defendant breached its duty of reasonable care by providing evidence of an unreasonable delay in packing inmate property. *Springer v. Marion Correctional Institution* (1981), 81-05202-AD.

{¶ 17} Plaintiff has failed to show defendant negligently or intentionally failed to

secure plaintiff's property during the two-hour time period between his transfer to segregation and the pack-up of his property. In addition, plaintiff failed to prove any unreasonable delay in packing his property resulted in the theft of his property. *Stevens v. Warren Correctional Institution* (2000), 2000-05142-AD; *Elam v. Richland Correctional Institution*, Ct. of Cl. No. 2008-11231-AD, 2009-Ohio-4276.

{¶ 18} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. The court does not find plaintiff's assertions or the statement of inmate Powell to be particularly persuasive.

{¶ 19} Plaintiff has failed to prove, by a preponderance of the evidence, any of his property was stolen or unrecovered as a proximate result of any negligent conduct attributable to defendant. *Fitzgerald v. Department of Rehabilitation and Correction* (1998), 97-10146-AD; *Hall v. London Correctional Inst.*, Ct. of Cl. No. 2008-04803-AD, 2008-Ohio-7088.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES JEREMY SAVAGE

    Plaintiff

    v.

MADISON CORR. INST.

    Defendant

    Case No. 2010-12362-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

James Jeremy Savage, #589-051    Gregory C. Trout, Chief Counsel
1150 N. Main Street    Department of Rehabilitation
P.O. Box 788    and Correction
Mansfield, Ohio 44901-0788    770 West Broad Street
    Columbus, Ohio 43222

SJM/laa
4/7
Filed 4/27/11
Sent to S.C. reporter 8/10/11